NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald A Allen,<br>　　　　　Petitioner,<br>v.<br>United States of America,<br>　　　　　Respondent. | No. CV-24-00822-PHX-SRB<br>**ORDER** |

    Petitioner, Donald Allen filed a Petition for Writ of Error Coram Nobis on April 10, 2024 after his first Petition filed on October 26, 2023 was dismissed with prejudice because it failed to include any explanation for the delay in challenging his 2010 conviction. In the present Petition, Petitioner claims his 2010 conviction for Illegal Reentry should be vacated because the immigration judge erroneously found that his state court conviction in New York was an aggravated felony, his plea agreement waiver of all appeal rights or collateral attacks did not include the right to challenge his removal order, his attorney was ineffective in failing to investigate or attack his prior removal order, and his due process rights were violated. Respondent, United States filed its Response in opposition and Petitioner filed a Reply.

    The Magistrate Judge issued his Report and Recommendation on December 4, 2024 recommending that the Petition be denied and dismissed with prejudice for several reasons. He concluded that Petitioner waived his right to bring this collateral attack in his 2010 plea agreement, that Petitioner could have brought these claims in his 2014 §2255 Petition, and

that Petitioner had failed to provide any valid reasons for the delay in challenging his conviction. Petitioner has filed an Objection to the Report and Recommendation and the United States has filed a Response to the Objection. The Court will overrule the Objection, deny the Petition and dismiss it with prejudice.

Petitioner's Objection includes several arguments which are not before the Court and do not address claimed error in the Magistrate Judge's Report and Recommendation. Petitioner complains that his Motion for Default Judgment was denied and also includes extensive argument going to the merits of his claim that the immigration judge who ordered his removal in 2006 erroneously found that his New York conviction was an aggravated felony. These are not objections to the Magistrate Judge's recommendation for denial of the Petition.

Petitioner first objects that any waiver in his plea agreement is unenforceable because his ineffective assistance of counsel claim related to the knowing and voluntary nature of his plea agreement. But after stating the law related to ineffective assistance claims challenging the knowing and voluntary nature of a plea agreement, Petitioner then argues about whether his removal order was based on an erroneous conclusion by an immigration judge that his New York state conviction was an aggravated felony. But the Petition does not assert an ineffectiveness claim based on plea agreement waivers of appeal and collateral attacks. The Petition here claimed ineffective assistance because counsel failed to investigate and determine that his underlying removal order was erroneously based on a finding that he had been convicted of an aggravated felony and that his waiver did not include a waiver of any rights to challenge his removal order. There is no claim that counsel was ineffective in advising about the appeal and collateral attack waivers in his plea agreement to Illegal Reentry in 2010. Moreover, Petitioner does not address his explicit acknowledgement during his plea colloquy quoted in the Report and

Recommendation that he understood that he was waiving his rights to challenge the legality of his removal order (Doc. 23, Report and Recommendation (R&R) at 5.) The Court agrees with the Magistrate Judge that Petitioner waived his right to bring this Petition and the Objection will be overruled.

The Magistrate Judge explained that, even if there had not been a waiver, to be entitled to the extraordinary relief of Error Coram Nobis a petitioner must show the unavailability of a more usual remedy, valid reasons for delay in challenging the conviction, adverse consequences from the conviction, and error of the most fundamental character (R&R at 6 citing *U.S. v Krotor*, 977 F.3d, 967, 958 (9th Cir. 2020).) The Magistrate Judge recommended denial of the Writ because a more usual remedy was available, namely his §2255 Petition in 2014 and because Petitioner failed to show valid reasons for the delay detailing the years Petitioner was in the United States after the dismissal of his §2255 Petition when he could have filed his Coram Nobis Petition.

In his Objection, Petitioner states that he could not present his claims in his §2255 Petition because his Petition was dismissed based on his plea agreement waiver and untimeliness and in his present Petition he "revisits the issue and present (sic) a more affirmitive (sic) claim after continous (sic) investigation." (Doc. 26, Objection to R&R at 13.) The Court does not understand the logic of this argument and agrees with the Magistrate Judge that a §2255 petition presents a more usual remedy.

Petitioner also objects that the Magistrate Judge erroneously concluded that he failed to show diligence in bringing his Petition eight years after the dismissal of the §2255 Petition. In his Report and Recommendation the Magistrate Judge detailed the long periods of time Petitioner has been in the United States since the dismissal of the § 2255 Petition. Specifically, Petitioner was in the United States for more than two years in custody in New Jersey and litigating a §1983 complaint and since at least sometime on or before July 29,

2020. In his Objection Petitioner asserts he had "a few medical issues" while incarcerated in New Jersey and fails to provide any explanation for the more than three years he was admittedly in the United States before filing his first Writ in October 2023. The Court agrees with the Magistrate Judge that Petitioner has failed to show diligence.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation. (Doc. 26)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 23)

IT IS FURTHER ORDERED denying Petitioner's Writ of Error Coram Nobis and dismissing it with prejudice. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Petitioner has not demonstrated reasonable jurists could find the ruling debatable or jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 18th day of February, 2025.

_____
Susan R. Bolton
United States District Judge